IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM ARMSTRONG, | ) | |
| | ) | |
| Plaintiff | ) | Case No. 3:19-cv-141 Johnstown |
| | ) | |
| v. | ) | |
| | ) | |
| CAPTAIN JOSEPH FURMAN, et al., | ) | RICHARD A. LANZILLO |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| | ) | |
| Defendants | ) | ORDER ON MOTION TO AMEND |
| | ) | [ECF No. 7] |
| | ) | |

Presently pending before the Court is Plaintiff Kareem Armstrong's Motion for Leave to Amend Amended Complaint to Add Count [ECF No. 7], Defendants' response thereto [ECF No. 12], and Plaintiff's reply [ECF No. 13]. In his motion, Plaintiff seeks to add a third count to his Amended Complaint asserting a claim of defamation under the Fourteenth Amendment. *Id.* Plaintiff alleges that his reputation was damaged when Defendant Furman wrongfully accused him of possessing drugs and then falsified documents and issued a false misconduct report without any physical evidence of drug possession. ECF No. 7.

Rule 15 of the Federal Rules of Civil Procedure governs the amendment of complaints. A complaint may ordinarily be amended once "as a matter of course" within 21 days after service of a complaint, a responsive pleading to a complaint, or a Rule 12(b)(6) motion. Fed. R. Civ. P. 15(a)(1). Plaintiff exercised his right to amend once as a matter of course when he filed an amended complaint on September 18, 2019. *See* ECF No. 3. Thereafter, Plaintiff may amend his pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

1

While a "court should freely give leave when justice so requires," *see id.*, the decision to grant leave is ultimately within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). Factors to consider in determining a motion for leave to amend include: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) whether the proposed amendment would be futile. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

In the instant case, Plaintiff pleads the following facts in support of his proposed defamation claim:

> 36) Defamation is that which tends to injure reputation to diminish the esteem, respect, goodwill or adverse, derogatory or unpleasant feeling or opinious against him
>
> 37) Defendant Furman [defamed Plaintiff] by misrepresentation evidences. There's only (3) ways of being in possession [of illegal drugs]: 1) Inside of my personal property. 2) On my person. 3) Through my urine. So for defendant Furman to issue plaintiff a misconduct for drugs was defendant Furman falsifying documents/information causes "false entries, or otherwise tampering with intent to deceive or injure or to conceal wrongdoing."
>
> 38) Defamation is actionable when it occurs in the course of or accompanied by a change or extinguished of a right or status guaranteed by State law or the constitution.
>
> 39) As a direct and proximates result of defendant Furman issuing a false misconduct report without the physical evidence of said drug was in fact defamation to plaintiff reputation. Violating plaintiff's Fourteenth Amendment.

ECF No. 7 at 2-3. Defendants respond that Plaintiff's proposed amendment should be rejected as futile. The Court agrees.

The United States Supreme Court has made clear "that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 401 (3d Cir. 2000) (citing *Paul v. Davis*, 424 U.S. 693 (1976)). Consequently, Plaintiff "cannot plead a slander claim as a § 1983 claim because it is not cognizable under § 1983." *Page v. Doyle*, 2018 WL 2976374, at *3 (E.D. Pa. June 12, 2018) (citing *Boyanowski*, 215 F.3d at 401). *See also Karolski v. City of Aliquippa*, 2016 WL 7404551, at *7 (W.D. Pa. Dec. 22, 2016) (noting that, "[b]ecause there is no federal constitutional right to reputation," "violations of state law, including defamation, are insufficient to state a claim under § 1983") (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1468 (3d Cir. 1992)).

To the extent that Plaintiff may have intended to assert his defamation claim pursuant to state tort law, it is well-established that the doctrine of sovereign immunity protects "state corrections officers . . . from intentional tort claims, such as defamation." *Muhammad v. DeBalso*, 2019 WL 2501467, at *3 (M.D. Pa. June 17, 2019). As one court recently explained:

> "[D]efamation is an intentional tort in the Commonwealth of Pennsylvania. *See Joseph v. Scranton Times, L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008). "Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, . . . the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." 1 Pa. C.S. § 2310. "The Pennsylvania legislature has not chosen to waive this immunity for intentional torts." *Wicker v. Shannon*, 2010 WL 3812351, at *9 (M.D. Pa. Sep. 21, 2010) (citing 42 Pa. C.S.A. § 8522).

*Id.* Due to the protections afforded by the doctrine of sovereign immunity, Plaintiff cannot assert his defamation claim against Furman under state tort law.

Finally, Plaintiff's reference to the Fourteenth Amendment suggests that he may be attempting to assert a due process claim based on the deprivation of a liberty interest in his

3

reputation. Such a claim requires him to demonstrate that: (1) a false and stigmatizing statement was made publicly, and (2) a right or status, previously recognized by state law, was altered or extinguished. *See Page*, 2018 WL 2976374, at *3 (quoting *Hill v. Borough of Kutztown*, 455 F.3d 225, 236 (3d Cir. 2006)). In other words, Plaintiff must point to evidence demonstrating that he suffered "a stigma to his reputation *plus* deprivation of some additional right or interest." *Id.* Plaintiff's proposed amendment contains no facts in support of either element. This failure is fatal to his proposed "stigma-plus" claim.[1]

For the foregoing reasons, the Court concludes that Plaintiff's proposed amendment fails to state a claim upon which relief could be granted. As such, the proposed amendment is futile and Plaintiff's request to amend must be denied.

IT IS SO ORDERED.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: January 8, 2020

---

[1] In his amended complaint, Plaintiff alleges that he received a sentence of 60 days in the Restricted Housing Unit (RHU) based on the false misconduct issued by Furman. Although Plaintiff does not raise the issue, the Court notes that short-term confinement in segregated custody, even when such confinement is based on an allegedly false misconduct, would not amount to the alteration or extinguishment of a right or status. *See, e.g., Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002) (noting that a prisoner does not have a liberty interest in remaining free from short-term segregated confinement).